## Murray *versus* McKee.

1. Lyday obtained a loan from Murray on condition that McKee would endorse his note as surety. Lyday made his note to Murray's order which was endorsed by McKee with the understanding that he was to be surety to Murray. Murray afterwards endorsed the note above and below McKee's name. The note being unpaid on the last day of grace, McKee endorsed on it a waiver of protest. *Held*, that under the Act of 1855 (Frauds) McKee was not liable.

2. Jack *v.* Morrison, 12 Wright 113, Schafer *v.* Farmers' and Mechanics' Bank, 9 P. F. Smith 144, affirmed.

November 18th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 68, to October and November Term 1868.

In the court below, John H. Murray, on the 21st of February 1867, commenced an action of assumpsit against William McKee.

The declaration contained three special counts :—

1. That W. G. Lyday on the 26th of May 1865, by his promissory note promised to pay to the order of the plaintiff $2750, at the Second National Bank of Pittsburg, in twelve months after date, and the defendant endorsed it at the request of Lyday, to enable him to negotiate the note and obtain credit on it, and in consideration of $2500, paid by the plaintiff to Lyday, the note endorsed by the defendant was delivered by Lyday to the plaintiff, who paid the money and accepted the note on the credit of the endorsement; that Lyday did not pay the note when it became due, of which the defendant had notice, and therefore became liable, &c.

2. That on the 26th of May, 1865, Lyday made a note,—as above set out; the defendant endorsed the note in blank and delivered it to Lyday, to enable him to obtain a loan from the plaintiff on the credit of the defendant's endorsement, and with the intent and purpose of becoming responsible to the plaintiff as surety for the money specified in the note, and in consideration of $2500 loaned to Lyday by the plaintiff, Lyday delivered to the plaintiff the note endorsed in blank by the defendant; and the plaintiff accepted it on the faith and credit of the defendant's endorsement; that Lyday did not pay, and the defendant therefore became liable, &c.

3. That Lyday on the 26th of May 1865, made a note,—as before set out, and the defendant endorsed it in blank and delivered it to Lyday, to enable him to obtain a loan from the plaintiff on the credit of endorsement, and did thereby guaranty and become responsible to the plaintiff for the sum mentioned in the note. And in consideration of $2500 loaned to Lyday by the plaintiff, Lyday delivered the note to the plaintiff, who loaned the money

[Murray v. McKee.]

to Lyday, and accepted the note on the credit of the defendant's endorsement; that Lyday did not pay the note, and that when it became due he was a citizen of Ohio, without the jurisdiction of the courts of Pennsylvania, and the defendant therefore became liable, &c.

The common counts were added.

The note and its endorsements were as follows:—

"$2750.00.                                    Pittsburg, May 26th 1865.

Twelve months after date I promise to pay to the order of John H. Murray Twenty-seven Hundred and Fifty Dollars, payable at 2d National Bank of Pittsburg, Pa., without defalcation, value received.                                    " W. G. LYDAY."

Endorsements.
" JOHN H. MURRAY.

J. H. LYDAY,
WM. McKEE.

JOHN H. MURRAY.
We waive protest,
J. H. LYDAY,
WM. McKEE."

W. C. Murray testified for the plaintiff that witness had been informed by Lyday that he desired to borrow $2500, and would give two good endorsers; that the plaintiff informed witness that he wished to lend that sum, and witness told plaintiff of his conversation with Lyday, and that J. H. Lyday and the defendant would be endorsers, who, the plaintiff said would be satisfactory.

W. G. Lyday gave witness the note endorsed by J. H. Lyday and defendant; witness gave the note so endorsed to plaintiff, and received $2500 from him, which he paid to W. H. Lyday. On the 1st of May 1866 witness and plaintiff went to the Second National Bank, and plaintiff told the cashier he wished to leave the note for collection; the cashier directed him to put his name both above and below the names of the other endorsers, which he did. C. H. Riggs the cashier testified, that the waiver of protest was endorsed the day the note fell due.

W. G. Lyday testified, that when he got the endorsement he told the defendant nothing, but that he was getting money from the plaintiff; he told him his brother was a surety, and asked defendant for his name also; defendant did not object; the endorsement of defendant, his brother, was for his own accommodation; he told the defendant that the money was for himself; the defendant afterwards endorsed the note.

The plaintiff having closed his evidence, the court (Stowe, J.)

on motion of the defendant directed a nonsuit, which the court in banc refused to set aside.

The plaintiff took a writ of error, and assigned for error the entering of the judgment of nonsuit.

*M. W. Atcheson*, for plaintiff in error.—Prior to Jack *v.* Morrison, 12 Wright 113, it had not been supposed by the profession, that the Act of April 26th 1855 (Frauds), Pamph. L. 308, Purd. 497, pl. 4, would prevent recovering on such an endorsement as in this case: Smith *v.* Kessler, 8 Wright 142. This legislation was not directed against such contracts of endorsement. Such blank endorsement is sufficient to satisfy the statute. An irregular endorser, as in this case, has been held to be liable: Leech *v.* Hill, 4 Watts 448; Taylor *v.* McCune, 1 Jones 460; Kyner *v.* Shower, 1 Harris 444; Becker *v.* Levy, 2 Am. Law Reg. 444. The cases of Schollenberger *v.* Nehf, 4 Casey 189; Fegenbush *v.* Lang, Id. 193; Barto *v.* Schmeck, Id. 447; although qualifying this doctrine, affirm the principle of Leech *v.* Hill. Oral proof may be given that the endorser became absolutely bound: Barclay *v.* Weaver, 7 Harris 396. Steininger *v.* Hoch, 3 Wright 263, was on a note since the Act of 1855: Welford *v.* Beazley, 1 Wilson 118; Violett *v.* Patton, 5 Cranch 142; Rey *v.* Simpson, 22 How. 341. In Ohio where there is a similar statute, under proofs such as are here, the plaintiff could recover: Bright *v.* Carpenter, 9 Ohio 139; Seymour *v.* Mickey, 15 Id. 515; Ulen *v.* Kittredge, 7 Mass. 233; Moies *v.* Bird, 11 Id. 436; Samson *v.* Thornton, 3 Metc. 275; Tenney *v.* Prince, 4 Pick. 385; Austin *v.* Boyd, 24 Id. 64; Perkins *v.* Catlin, 11 Conn. 213; Pierce *v.* Irvine, 1 Minn. 369; Story on Prom. Notes, § 479; 2 Pars. on Notes, pp. 3, 121; Leonard *v.* Vredenburg, 8 Johns. 29; Nelson *v.* Dubois, 13 Id. 175; Browne on Frauds 409, 409*a*. As guarantor, defendant was liable, the principal being out of the state: Boyd *v.* Commonwealth, 12 Casey 355.

*Kirkpatrick & Mellon*, for defendant in error.—Under the Act of 1855 the plaintiff could not recover: Jack *v.* Morrison, *supra;* Spils *v.* Gilmore, 1 Comstock 321; Hall *v.* Newcomb, 7 Hill 416; Drake *v.* Marshall, 21 Ind. 433; Wright *v.* Morse, 9 Gray 337; Schollenberger *v.* Nehf, *supra;* Brown on Statute of Frauds, § 360; Farebrother *v.* Simmons, 5 B. & Ald. 333; Wright *v.* Dannah, 2 Camp. 203; Coleman *v.* Garrigues, 18 Barb. 60.

The opinion of the court was delivered, May 11th 1869, by

SHARSWOOD, J.—This was an action by the payee against the endorser of a promissory note. By the testimony of the maker of the note, it appeared that the defendant was told by him that he was getting money from the plaintiff; that his brother was one

[Murray *v.* McKee.]

of his securities; and that he asked him for his name also. That subsequently the defendant called and endorsed the note. This was before it was endorsed by the plaintiff. A few weeks before maturity the plaintiff left it for collection at a bank in Pittsburg; and there, by the direction of the cashier, wrote his name both above and below the name of the defendant. When the note fell due the defendant waived protest. These were all the material facts, and after the evidence was given the learned judge below entered a nonsuit, which was afterwards confirmed by the court in banc. It is admitted that the case was rightly decided, if Jack *v.* Morrison, 12 Wright 113, is to be considered as law. We have had occasion recently to reconsider that case upon an argument before a full bench, in the case of Schafer *v.* The Farmers' and Mechanics' National Bank of Easton, 9 P. F. Smith 144, on a writ of error to the Court of Common Pleas of Northampton county, and have come to the unanimous conclusion to reaffirm that decision; and the question ought now, therefore, to be considered as entirely at rest in this state.

Judgment affirmed.